WILLIAM ROMANO, RAYMOND AKERSTEN, DONALD HAND, LAWRENCE O'BRIEN, BRUCE DECHER, JOSEPH AMATO, AND RICHARD STROPOLI v. IRWIN KIMMELMAN, IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY; CLINTON PAGANO, IN HIS OFFICIAL CAPACITY AS COLONEL OF THE STATE POLICE AND THE STATE OF NEW JERSEY.

September 8, 1983.

ORDERED that, pursuant to *R.* 2:12–1, this matter is certified by the Court on its own motion and, since the parties in this matter include the parties in the seven municipal court cases in which the within plaintiffs are named defendants and issues sought to be raised on certification will include issues raised in those seven cases, the Court deems it appropriate that the grant of certification shall be considered to include the seven municipal court actions; and it is further

ORDERED that the seven municipal court actions, having been transferred to the Monmouth County District Court by order of the Chief Justice, are hereby temporarily remanded to the Monmouth County District Court for a consolidated hearing on the following, the limitations on consolidation contained in *R.* 7:4–2(f) being hereby relaxed by operation of *R.* 1:1–2;

1. trial forthwith on any and all claims of the parties on the admissibility of the results of breathalyzer tests, including claims that breathalyzers are generally unreliable or claims that the particular breathalyzer tests used in the cases being tried pursuant to this Order were defective in any way;

2. the trial court shall, upon the conclusion of the hearing of the claims presented pursuant to paragraph one, rule on all claims made regarding the use of a breathalyzer in the consolidated matters before it;

3. the trial court shall, upon notice to all parties, file its decisions in aforesaid matters with the Clerk of the Supreme Court and shall thereafter take no other action regarding the consolidated trials pending the further order of the Supreme Court; and

4. upon receipt of the decisions of the trial court, the Supreme Court shall review the same and, for that purpose, shall issue an order setting forth an accelerated briefing and argument schedule together with such other relief as it may deem appropriate; and it is further

ORDERED that, upon completion of its consideration of these matters, the Court shall, depending upon the nature of its disposition, enter such judgments as may be appropriate, including a possible remand to the Monmouth County District Court to permit completion of some or all of the seven motor vehicle actions on the merits; and it is further

ORDERED that, except to the extent of the limited remand provided for by this order, jurisdiction is retained pending the further order of this Court. (See 190 *N.J.Super.* 554)